TOM MORRISON, SR., v. THE STATE.

No. 4073        Decided April 14, 1909.

**Disturbing Public Peace—Cursing in Public—Grand Jury—Contempt.**

Where upon trial for willfully swearing and cursing in a public place etc., the evidence showed that the defendant in testifying before the grand jury stated in response to a question by the district attorney that it was none of his damn business, a conviction could not be sustained under the statute; although such conduct was probably a contempt.

Appeal from the County Court of Mitchell. Tried below before Hon. A. J. Coe.

Appeal from a conviction of disturbing the public peace; penalty, a fine of $10.

The opinion states the case.

*Thurmond & Robinson,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged, in the County Court of Mitchell County, with the offense of unlawfully and wilfully swearing and cursing in a public place, to wit, the grand-jury room in the courthouse of Mitchell County, Texas, in a manner calculated to disturb the inhabitants thereof, and his punishment assessed at a fine of ten dollars.

The facts show, in brief, that he was summoned before the grand jury of Mitchell County and interrogated at some length in reference to offenses thought to have been committed in his community, and with special reference to certain persons named by him in his testimony. Among other things, after stating that he knew one Jim Brown, the district attorney asked him how many cattle Jim Brown had, and appellant replied about one hundred head, and he was thereupon asked by the district attorney if Jim Brown owed anything on his cattle, to which question appellant replied, suddenly and angrily, and facing said district attorney, "It is none of your damn business; it looks like you are trying to inquire into mine and my boy's private business." The use of the language attributed to appellant is admitted by him, with the statement that he thought at the time that the district attorney was trying to pry into his and his son's business, and at the time he was talking in an ordinary tone of voice like he was when delivering his testimony. He had nothing against any member of the grand jury, but that the district attorney was trying to pry into his son's business, and this was the reason he stated to him that it was none of his damn business.

1. A number of interesting questions are raised in the motion for a new trial, among others the contention that the truth or falsity of the testimony of a witness before the grand jury, not being in issue, that the grand jurors could not, under the law, testify to what was said or done in the grand-jury room while they were in session. In view, however, of the entire record, we believe a conviction under the evidence can not be sustained, and it becomes unnecessary to decide this question. In the case of Lumbkin v. State, 12 Texas Crim. App., 341, appellant was prosecuted on an indictment which, among other things, charged that he did swear and curse in a manner calculated to disturb the inhabitants of a private residence. It seems that appellant in that case denounced the prosecuting witness as the "meanest, damnest man on the mountain side" and as a "damn rascal." Judge Hurt, in passing on this cause, says, after discussing other questions:

"We are also of opinion that the evidence is not sufficient to support the verdict." See, also, Carr v. City of Conyers, 20 Am. St. Rep., 357. That the conduct of appellant was contumacious, and probably a contempt, for which, on presentation, he could and should have been rebuked and punished by the District Court, is doubtless true, but we scarcely think that the language used comes, under the decisions, within the purview of the statute. For this reason it is ordered that the judgment of conviction be, and the same is, hereby reversed and the cause remanded.

*Reversed and remanded.*